UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:08-80536-CIV-RYSKAMP/VITUNAC

CONFESOR ("TONY") RAMIREZ,

    Plaintiff,

v.

PALM TRAN, INC.,
a Florida not for profit corporation,

    Defendant.
_____/

### PLAINTIFF'S MOTION FOR REMAND AND FOR ATTORNEY'S FEES

Plaintiff, CONFESOR ("TONY") RAMIREZ, through counsel, moves for a remand of this State of Florida cause of action, and would show in support:

1. The removed action involves a claim for breach of contract brought pursuant to the common law of Florida. In accordance with the parties' agreement, Plaintiff filed the case in the Circuit Court in and for Palm Beach County, Florida, and the Defendant wrongfully removed this case to the U.S. District Court. Defendant's sole argument is that this Court should exercise supplemental jurisdiction since it is presiding over Plaintiff's *federal* claim under the Family Medical Leave Act, which the Defendant also removed to this Court.

2. A claim for a breach of contract is a purely a state law claim. Both parties reside in Palm Beach County, State of Florida, so there is no diversity of jurisdiction, nor does Defendant claim any. There is no basis for a claim of federal jurisdiction for this claim. The agreement itself provides that for a claim based on the "...breach of the

terms of this Agreement, it is stipulated and agreed that such a claim shall be heard and determined by a court, not by a jury, in Palm Beach County." See **Exhibit 1**, ¶17, attached to the Complaint. In removing the case to federal court, Defendant chanced that the case would not be heard in Palm Beach County, since many judges in the Southern District of Florida reside in Miami and Ft. Lauderdale, and some do not travel to Palm Beach County, except in extraordinary circumstances or cases, of which this is not an example. Moreover, the agreement does not purport to confer jurisdiction in a U.S. District Court, so presumably the Defendant in drafting the agreement, intended that this matter (for breach of contract) would be heard by a judge in a State Court in Palm Beach County, which is where Plaintiff filed the case.

   3.  Defendant bases removal on 28 U.S.C. §§ 1367, 1441 and 1446. Defendant argues that §1367 "***dictates*** that this Court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."§1367 dictates no such thing; in fact, it is well established that the exercise of supplemental jurisdiction is discretionary with the court, and is properly rejected under many circumstances.[1] The statute provides that:

---

[1] In the sole case cited by the Defendant, United Mine Workers v. Gibbs, 383 U.S. 715 (1966), a jury's verdict against a union based on State law claims was reversed, in part, because the federal law claim failed. The Court noted that: "It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them, Erie R. Co. v. Tompkins, 304 U.S. 64.Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."

> ©) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>   (1) the claim raises a novel or complex issue of State law,
>   (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>   (3) the district court has dismissed all claims over which it has original jurisdiction, or
>   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Courts routinely "are obligated to raise and decide issues of subject matter jurisdiction *sua sponte* any time it appears subject matter jurisdiction is absent." Carias v. Lenox Financial Mortgage Corporation, 2008 U.S. DIST. LEXIS 20345 *1 (N.D. Cal. March 5, 2008). In Carias, after granting summary judgment on the sole federal claim, the Court remanded the State claims to state court, stating: "The Court declines to exercise pendent jurisdiction over the state law claims and remands the action to state court. The Court finds that the issues of economy, convenience, fairness and comity collectively weigh in favor of remand. See Harrell, 934 F.2d at 205. **Comity weighs especially strong, given that the remaining claims are pure state law claims with no connection to federal law**. Economy also weighs in favor of remand as state courts are better equipped to efficiently handle state law claims." Id. at *5-6 (emphasis added).

    4.    In this particular case, there is no subject matter jurisdiction for a federal court for a breach of contract claim. Contrary to the Defendant's claim, that Plaintiff has merely pled another "theory" to recover damages, the federal claim under the Family Medical Leave Act (FMLA) is substantially different than the claim for breach of contract filed in the State court. The FMLA claim is a federal statutory claim where Plaintiff must prove that the Defendant interfered with or retaliated against him for taking time off to

attend to a serious medical condition for the purpose of physician appointments, and further, whether he can prospectively waive his rights to the protections of the FMLA. The breach of contract claim requires no such showing; it merely requires the Plaintiff to establish that he and the Defendant entered into an agreement, and that he was fired in violation of said agreement. The claims are not only substantively different, the facts that would prove one claim would not necessarily prove (or even be relevant) to the other. The Supreme Court has specifically repudiated the broad interpretation given to Gibbs by the defendant here in Daimler Chrysler Corporation v. Charlotte Cuno, 547 U.S. 332, 351-52 (2006) where the Court stated:

> Gibbs held that federal-question jurisdiction over a claim may authorize a federal court to exercise jurisdiction over state-law claims that may be viewed as part of the same case because they "derive from a common nucleus of operative fact" as the federal claim. 383 U.S., at 725, 86 S. Ct. 1130, 16 L. Ed. 2d 218. Plaintiffs assume that Gibbs stands for the proposition that federal jurisdiction extends to all claims sufficiently related to a claim within Article III to be part of the same case, regardless of the nature of the deficiency that would keep the former claims out of federal court if presented on their own.
>
> Our general approach to the application of Gibbs, however, has been markedly more cautious. For example, as a matter of statutory construction of the pertinent jurisdictional provisions, we refused to extend Gibbs to allow claims to be asserted against nondiverse parties when jurisdiction was based on diversity, see Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978), and we refused to extend Gibbs to authorize supplemental jurisdiction over claims that do not satisfy statutory amount-in-controversy requirements, see Finley v. United States, 490 U.S. 545, 109 S. Ct. 2003, 104 L. Ed. 2d 593 (1989). As the Court explained just last Term, "we have not . . . applied Gibbs' expansive interpretive approach to other aspects of the jurisdictional statutes." Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 553, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005) (applying 28 U.S.C. § 1367, enacted in 1990, to allow a federal court in a diversity action to exercise supplemental jurisdiction over additional diverse plaintiffs whose claims failed to meet the amount-in-controversy threshold).

> ***What we have never done is apply the rationale of Gibbs to permit a federal court to exercise supplemental jurisdiction over a claim that does not itself satisfy those elements of the Article III inquiry***, such as constitutional standing, that "serve to identify those disputes which are appropriately resolved through the judicial process." Whitmore, 495 U.S., at 155, 158, 110 S. Ct. 1717, 109 L. Ed. 2d 135.

(Emphasis added)

5.  In this case, the removed claim was never filed in a federal forum, nor does it involve issues under United States law, treaties of the United States or the Constitution as required under 28 U.S.C. §1331. It is a simple breach of contract claim. Defendant has cited no case law that would permit a pure state law claim that is filed in state court to be removed and then joined with a federal claim already pending (and set for trial) between the same parties. In fact, the removal statute, 28 U.S.C. §1441 does not authorize the removal of this State claim, and Defendant fails to cite to any provision of this statute that authorizes the removal. Defendant's motion is procedurally improper, as there is no mechanism in the law that authorizes the result that it wishes to achieve.

6.  Based on the foregoing, there is no basis for removal and this claim must b remanded to the Circuit Court in and for Palm Beach County. Since removal was not proper, and not supported by any statute or case law, it was not objectively reasonable. Plaintiff's counsel has incurred time of approximately six (6) hours in researching and drafting this motion for remand; on the breach of contract claim, Plaintiff and his counsel have an hourly fee agreement that obligates the Plaintiff to pay counsel for his time at the rate of $250 per hour, subject to the right of counsel to seek $300 per hour from the adverse party based on his experience and years of practice, as well as the

prevailing rate in the community.  Plaintiff requests an award of attorney's fees against the Defendant in the amount of $1,800 (computed at $300 per hour, based on prevailing rates for counsel with 24 years of experience), as authorized by 28 U.S.C. §1447©), which provides, *inter alia*, for recovery of attorney's fees in obtaining a remand. The case law provides the following standard:

> Section 1447©) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." In Martin v. Franklin Capital Corp., 546 U.S. 132, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005), the Supreme Court explained that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Id. at 708. We must balance the desire of Congress "to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Id. at 711.

<u>Gonzalez v. J.C. Penney Corporation</u>, 2006 U.S. App. LEXIS 26178 (11th Cir. 2006) (unpublished opinion). In this case, the removal was not objectively reasonable because Defendant cites no statute that authorizes the removal and subsequent joinder, nor does it cite to any case law that authorizes the procedure employed here. Moreover, the sole case cited by the Defendant in support of its motion has been severely restricted if not outright overruled by more recent Supreme Court cases, further demonstrating that the Defendant's motion is not objectively reasonable.

    WHEREFORE, plaintiff respectfully requests that the Court remand the case to State court, and grant costs, including a reasonable attorney's fees, in accordance with 28 U.S.C. § 1447©)  incurred in said remand.

Respectfully submitted,

BY: s/ ISIDRO M. GARCIA
ISIDRO M. GARCIA
Florida Bar No. 437883
GARCIA LAW FIRM, P.A.
224 Datura Street, Suite 900
West Palm Beach, Florida 33401
Telephone:   (561) 832-7732
Telecopier:   (561) 832-7137
E-mail: isidrogarcia@bellosuth.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished **VIA ECM TRANSMISSION** this 12th of June, 2008 to PAMELA G. EIDELBERG, Assistant County Attorney, PALM BEACH COUNTY ATTORNEY'S OFFICE, 301 N. Olive Avenue, West Palm Beach, Florida 33401.

BY: s/ ISIDRO M. GARCIA
ISIDRO M. GARCIA